Karimah J. Lamar, Bar No. 246862
klamar@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California 92101
Telephone: 619.232.0441
Fax No.: 619.232.4302

Andrea Oguntula, Bar No. 327587
aoguntula@littler.com
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Fl.
Los Angeles, CA 90062
Telephone: 310.553.0308
Fax No.: 310.553.5583

Attorneys for Defendants
SOUTHERN GLAZER'S WINE & SPIRITS, LLC
and TIM THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABUNDIO ARREDONDO, an individual, | Case No.   2:22-cv-8698 |
| Plaintiff, | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| SOUTHERN GLAZER'S WINE & SPIRITS, LLC, a Delaware Limited Liability Company, TIM THOMAS, an individual, and DOES 1 through 20, Inclusive, | **[28 U.S.C. §§ 1332, 1441, and 1446]** |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. sections 1331, 1441 subsection (a), and 1446, defendants SOUTHERN GLAZER'S WINE & SPIRITS, LLC ("SGWS") and TIM THOMAS ("Thomas") (collectively "Defendants"), by and through undersigned counsel, hereby remove the action described below from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

As grounds for this removal, Defendants submit and allege the following:

## I.   JURISDICTION AND VENUE

1.   This Court has original jurisdiction over this action under 28 U.S.C. section 1331, based upon the existence of a federal question, because Section 301 of the Labor Management Relations Act, 29 U.S.C. section 185 ("LMRA"), completely preempts one or more of plaintiff ABUNDIO ARREDONDO's ("Plaintiff") asserted claims.

2.   This action was originally filed in the Superior Court of California, for the County of Los Angeles, which is located within the Western Division of the Central District of California.  Therefore, venue is proper in this Court in that it is the district court of the United States for the district and division embracing the place where the action is pending in state court.  28 U.S.C. § 1441(a).

## II.   PROCEDURAL HISTORY

3.   On October 25, 2022, Plaintiff filed a Complaint in the Superior Court of the State of California in and for the County of Los Angeles entitled *Abundio Arredondo vs. Southern Glazer's Wine & Spirits, LLC, Tim Thomas, and DOES 1-20, Inclusive*, Case Number 22STCV33640 ("Complaint").  (*See* Declaration of Andrea Oguntula in Support of Defendants' Removal to Federal Court Pursuant to 28 U.S.C. sections 1332, 1441, and 1446 ("Oguntula Decl.") filed concurrently herewith, ¶ 2.)  Attached hereto as **Exhibit 1** is a true and correct copy of the

Complaint filed in Los Angeles County Superior Court.  The Complaint asserts seven causes of action, alleging: (1) Disability and Medical Condition Harassment in Violation of FEHA; (2) Disability and Medical Condition Discrimination in Violation of FEHA; (3) Failure to Provide Reasonable Accommodations in Violation of FEHA; (4) Failure to Engage in the Interactive Process in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; and (7) Wrongful Termination in Violation of Public Policy. *Id*.

4.    On November 2, 2022, Defendant SGWS was served the Complaint, along with copies of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment, Voluntary Efficient Litigation Stipulations, General Order Regarding Use of Voluntary Efficient Litigation Stipulations, First Amended General Order Regarding Mandatory Electronic Filing for Civil, and Alternative Dispute Resolution Information Package. (Oguntula Decl. at ¶ 3.)  True and correct copies of these documents, excluding the Complaint, are attached hereto as **Exhibit 2**.  On November 29, 2022, Defendants filed and served an Answer to the unverified Complaint. (Oguntula Decl. at ¶ 4.)  A true and correct copy of the Answer is attached as **Exhibit 3**.

5.    Pursuant to 28 U.S.C. section 1446 subsection (a), the referenced and provided Exhibits constitute all process, pleadings, and orders served on Defendant, filed, or received by Defendant.  (Oguntula Decl. at ¶ 5.)

6.    Pursuant to 28 U.S.C. section 1446 subsection (b), this Notice is timely as it is being filed within thirty days of service of the initial pleading upon Defendant.

7.    Pursuant to 28 U.S.C. section 1446 subsection (d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and filed with the Clerk of the Superior Court of the County of Los Angeles.  (Oguntula Decl. at ¶ 8.)

/ / / /

8.    SGWS and Tim Thomas are the only named defendants that have been served with the Complaint and that have appeared in this action. As such, there is no other properly served or appearing defendant required to consent to the removal of this action. (Oguntula Decl. at ¶7.)

## III.    FEDERAL QUESTION JURISDICTION

9.    Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

10.    Section 301 preempts "claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987). "The preemptive force of section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 996-97 (9th Cir. 1987) (citations omitted). As the Ninth Circuit has noted, "[a]lthough the language of § 301 [of the LMRA] is limited to 'suits for violation of contracts,' it has been construed quite broadly to cover most state-law actions that require interpretation of labor agreements." *Associated Builders & Contractors, Inc. v. Local 302 IBEW*, 109 F.3d 1353, 1356-57 (9th Cir. 1997) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985)) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law.").

11.    State law causes of action whose outcome depends on an interpretation of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA. *Young*, 830 F.2d at 997, 999. If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

4

may be removed to federal court.  *Id.*  These claims must be re-characterized as LMRA Section 301 claims and, as such, are removable to federal court.  *Associated Builders & Contractors*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002.

12.   At all relevant times up to and including his resignation, Plaintiff was a member of and represented by a labor organization known as the International Brotherhood of Teamsters ("Union").  (*See* Declaration of George Guthrie in Support of Defendants' Removal to Federal Court Pursuant to 28 U.S.C. sections 1332, 1441, and 1446 ("Guthrie Decl.") filed concurrently herewith, ¶ 2.)  Union is a labor organization within the meaning of Section 2(5) of the NLRA and Section 301 subsection (a) of the LMRA, 29 U.S.C. sections 152(5) and 185 subsection (a).

13.   At all relevant times up to and including Plaintiff's resignation, the Union and SGWS were parties to a collective bargaining agreement ("CBA") that sets forth the terms and conditions governing Plaintiff and other individuals' employment in the same bargaining unit.  (Guthrie Decl., ¶ 3.)  A true and correct copy of the CBA is attached hereto as **Exhibit 4**.

14.   At all relevant times up to and including Plaintiff's resignation, SGWS is a company engaged in commerce and in an industry affecting commerce within the meaning of the NLRA and the LMRA, 29 U.S.C. sections 152(2), (6), (7) and 185 subsection (a).

15.   By way of allegations in his complaint, Plaintiff implicitly admits he is a member of the Union as his former job position as a sales representative is covered by the CBA.  (**Exhibit 1**, Complaint, ¶ 13; **Exhibit 4**, CBA, Article 2, Section 2).

16.   On or about December 10, 1996, Plaintiff began his employment with Defendant SGWS as a sales representative, a position he maintained until his employment ended when he resigned on September 30, 2022. (**Exhibit 1**, Complaint ¶¶ 13, 22).

17.   The Complaint provides Defendant SGWS required its sales representatives to be out in the field to sell alcohol by 8:00 a.m. (**Exhibit 1**,

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

Complaint, ¶ 15). However, despite this, Plaintiff alleges in part that Defendant SGWS discriminated against Plaintiff by failing to provide Plaintiff reasonable accommodations when SGWS denied his request to not return to the work out in the field, as well as his request to maintain a later start time than other sale representatives due to his medical condition. The Complaint further alleges Defendants' failure to accommodate Plaintiff's requests ultimately constructively terminated Plaintiff's employment. (**Exhibit 1**, Complaint, ¶¶ 13-23).

18.    However, the CBA sets forth the express terms and conditions of Plaintiff's employment, including the parameters of territorial assignments, absences from the sales territory, as well as the terms and conditions applicable to leaves of absence for medical reasons.  Further, the CBA also governs the grievance process for all claims by employees against the employer, its agents, and/or employees, alleging discrimination in violation of the California Fair Employment and Housing Act.  (**Exhibit 4**, CBA, Article 2, Section 3, Article 9, et seq., Article 23, et seq.). Accordingly, an alleged violation of the CBA is subject to its grievance and arbitration procedures, which serves the underlying purposes of the LMRA. Thus, Plaintiff's claims cannot be resolved without interpreting provisions of the CBA.

19.    Resolution of Plaintiff's claims will require an application and interpretation of the CBA because, in order to prove his claims, Plaintiff will be required to show that his medical condition and resulting request not to return to the field did not qualify as an absence from his territory under CBA triggering the leave provisions of CBA. Prior to Plaintiff's resignation, SGWS informed Plaintiff he would be placed on leave, which he was entitled to under the CBA. Thus, in order to prove his claims that Defendants discriminated against him, failed to provide reasonable accommodations, and thus constructively terminated him and ultimately violated of the Fair Employment and Housing Act and the CBA, the absence and leave provisions of the CBA must be interpreted.

/ / / /

20.     Further, as all of Plaintiff's claims are, in essence, alleged violations of the CBA, the Court will also necessarily have to interpret its grievance and arbitration provisions.  (**Exhibit 3**, CBA, Article 5). Specifically, the Court must determine whether Plaintiff was first required to exhaust the grievance procedures, whether he did in fact exhaust those procedures, and whether he agreed to arbitrate all or some of his claims.  Each of these questions is reserved for federal courts pursuant to the LMRA.

21.     Accordingly, Plaintiff's claims are (1) completely preempted by Section 301 of the LMRA, (2) are properly characterized as a Section 301 claim, and (3) removal jurisdiction exists on this basis.  As discussed, Section 301 preempts all state law claims the evaluation of which is "inextricably intertwined" with the resolution of a dispute about the meaning or application to of the terms of a labor contract. *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).  "Once preempted, any claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (internal citations and quotations omitted); *accord Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Cir. 1990). All of Plaintiff's claims are wholly derivative of Plaintiff's allegations of discrimination based upon defendant SGSW's decision regarding how to accommodate him as a result of his condition as provided in the CBA.

22.     The fact that Plaintiff has not made specific reference to Section 301 of the LMRA will not preclude removal. *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990).  Rather, preemption is required if Plaintiff's claims can only be resolved by interpreting the terms of the CBA. *Id*.  Plaintiff may not be permitted to "artfully plead" his claims to conceal the true nature of the complaint. *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189 (9th Cir. 1983), overruled on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009). The Court may properly look beyond the face of the Complaint to determine whether the

claims asserted are, in fact, a Section 301 claim for breach of the CBA which has been "artfully pleaded" to avoid federal jurisdiction. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).  Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

23.    As discussed, all of Plaintiff's claims are (1) completely preempted by Section 301 of the LMRA, (2) properly characterized as Section 301 claims, and (3) removal jurisdiction additionally exists on this basis.  However, to the extent that any pleaded claim is deemed not preempted by Section 301 of the LMRA, it is still removable to this Court pursuant to its power to hear pendent state law claims that arise "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); Bale, 795 F.2d at 778.

## IV.    NOTICE TO PLAINTIFF AND THE SUPERIOR COURT

24.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California. (Oguntula Decl. at ¶ 8.)

WHEREFORE, Defendants respectfully remove this action from the Superior Court of California, County of Los Angeles, to the above-entitled Court.

Dated:  November 30, 2022          LITTLER MENDELSON, P.C.


/s/ *Karimah J. Lamar*
Karimah J. Lamar
Andrea Oguntula

Attorneys for Defendants
SOUTHERN GLAZER'S WINE & SPIRITS, LLC and TIM THOMAS