UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8698 FMO (MAAx) | Date | January 4, 2023 |
|---|---|---|---|
| Title | Abundio Arredondo v. Southern Glazers Wine and Spirits, LLC, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | | |
|---|---|---|---|
| Gabriela Garcia | None | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorney Present for Plaintiff(s):  Attorney Present for Defendant(s):

None Present   None Present

**Proceedings:**   (In Chambers) Order Remanding Action

On October 25, 2022, plaintiff Abundio Arredondo ("plaintiff") filed a Complaint for Damages in the Los Angeles County Superior Court against Southern Glazer's Wine & Spirits, LLC and Tim Thomas ("defendants"), asserting six claims for relief pursuant to the California Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code § 12940: (1) disability and medical condition harassment; (2) disability and medical condition discrimination; (3) failure to provide reasonable accommodations; (4) failure to engage in a good faith interactive process; (5) retaliation; and (6) failure to prevent discrimination and retaliation.  (See Dkt. 1, Notice of Removal ("NOR") at ¶ 3); (Dkt. 1-1, Complaint at ¶¶ 24-96).  The Complaint also asserts a seventh state law claim for wrongful constructive termination in violation of public policy.  (See id. at ¶¶ 97-108).

On November 30, 2022, defendants removed the action to this court on grounds of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).  (See Dkt. 1, NOR at ¶¶ 1, 9).  Having reviewed and considered the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994).  The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record.  See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 n. 3 (2006).  Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8698 FMO (MAAx) | Date | **January 4, 2023** |
|---|---|---|---|
| Title | **Abundio Arredondo v. Southern Glazers Wine and Spirits, LLC, et al.** | | |

defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). In general, under the "well-pleaded complaint" rule, courts look to the complaint to determine whether an action falls within the bounds of federal question jurisdiction. See Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581 F.3d 941, 944 (9th Cir. 2009).

Here, defendants contend that "[t]his Court has original jurisdiction over this action under 28 U.S.C. section 1331, based upon the existence of a federal question, because Section 301 of the [LMRA] completely preempts one or more of [plaintiff's] asserted claims."[2] (Dkt. 1, NOR at ¶ 1). According to defendants, plaintiff's FEHA claims are preempted because "the Court will [] necessarily have to interpret [the collective-bargaining agreement's ("CBA")] grievance and arbitration provisions." (Id. at ¶ 20). With respect to plaintiff's FEHA claims for discrimination and failure to provide reasonable accommodations in particular, defendants contend that these claims will require the court to interpret the CBA's "absence and leave provisions[.]"[3] (See id. at ¶ 19). Defendants' contentions are unpersuasive.

The Ninth Circuit has "consistently held that the LMRA does not preempt FEHA claims[,]" as "[t]he rights that FEHA claims assert are 'independent of collective-bargaining agreements'" and "will not depend on interpretation of terms in the CBA." Brown v. Brotman Med. Ctr., Inc., 571 F.Appx. 572, 574-75 (9th Cir. 2014) (quoting Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 748 (9th Cir.1993)); see Bartlett v. All Am. Asphalt, 2020 WL 6118818, *5 (C.D. Cal. 2020) (same) (collecting cases). And because plaintiff's rights under FEHA "cannot be removed by private contract[,]" Cook v. Lindsay Olive Growers, 911 F.2d 233, 240 (9th Cir. 1990), plaintiff "has not waived his right to seek relief for FEHA violations in state court." Bartlett, 2020 WL 6118818, at *6; see Valles v. Ivy Hill Corp., 410 F.3d 1071, 1076 (9th Cir. 2005) ("[W]e have held that § 301 does not permit parties to waive, in a collective bargaining agreement, nonnegotiable state rights

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[2] Section 301 of the LMRA provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).

[3] Despite defendants' suggestion that plaintiff alleges violations of the CBA, (see Dkt. 1, NOR at ¶ 19) (referring to plaintiff's "claims that Defendants . . . ultimately violated of [sic] the Fair Employment and Housing Act and the CBA"), the Complaint does not refer to or rely on any provision of the CBA. (See, generally, Dkt. 1-1, Complaint).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-8698 FMO (MAAx) | Date | **January 4, 2023** |
|---|---|---|---|
| Title | Abundio Arredondo v. Southern Glazers Wine and Spirits, LLC, et al. | | |

conferred on individual employees") (internal quotation marks omitted).  In short, plaintiff's FEHA claims are not preempted by § 301 of the LMRA.  See, e.g., Canales v. Torn & Glasser, Inc., 2019 WL 3947085, *1-2 (C.D. Cal. 2019) (remanding case asserting FEHA and wrongful termination claims arising from alleged disability discrimination); Bartlett, 2020 WL 6118818, at *5-6, 9 (remanding case involving FEHA discrimination claims).

     Defendants' preemption arguments fare no better with respect to plaintiff's additional claim for wrongful constructive termination in violation of public policy.  "A claim for wrongful termination in violation of public policy is not preempted if it 'poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship.'"  Brown, 571 F.Appx. at 575 (quoting Young v. Anthony's Fish Grottos, Inc., 830 F.2d 993, 1001 (9th Cir.1987)).  The Ninth Circuit has held that alleged discriminatory discharge functions independently of the CBA because "California has adopted a public policy against discrimination in the work place."  Jackson v. S. Cal. Gas Co., 881 F.2d 638, 644 (9th Cir. 1989).  Here, plaintiff's wrongful constructive termination claim is based on allegations of disability discrimination and retaliation, (see Dkt. 1-1, Complaint at ¶¶ 100-01), and "would further a state interest in preventing workplace discrimination."  Brown, 571 F.Appx. at 575.  "This claim also does not require interpretation of the CBA as it focuses on [defendants'] motivations for terminating [plaintiff]."  Id.  Accordingly, plaintiff's wrongful termination based on discriminatory constructive discharge is not preempted.

     **This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

     Based on the foregoing, IT IS ORDERED that:

     1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 N. Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c)

     2.  The Clerk shall send a certified copy of this Order to the state court.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | gga | |